UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CALVIN M. ROBINSON,<br><br>    Plaintiff,<br><br>        v.<br><br>PHILLIPE SILVA, et al.,<br><br>    Defendants. | Case No. 24-cv-02154 BLF (PR)<br><br>**ORDER DENYING MOTION FOR RECONSIDERATION OF ORDER DENYING REQUEST FOR APPOINTMENT OF COUNSEL**<br><br>(Docket No. 28) |

Plaintiff, a state prisoner, filed the instant *pro se* civil rights action pursuant to 42 U.S.C. § 1983 against prison staff at Salinas Valley State Prison ("SVSP"), where he was formerly confined, for Eighth Amendment violations. Dkt. No. 1. The Court found the complaint stated cognizable claims and ordered service on Defendants. Dkt. No. 12. On January 10, 2025, the Court referred this matter to settlement proceedings at Plaintiff's request and with Defendants' non-opposition. Dkt. No. 26. A settlement conference is currently scheduled for February 13, 2025. Dkt. No. 27.

On January 7, 2025, the Court denied Plaintiff's request for appointment of counsel for lack of exceptional circumstances because he failed to provide any grounds for the request. Dkt. Nos. 22, 24. Plaintiff has filed a motion for reconsideration of that denial, providing the following grounds for appointment of counsel: he is indigent, his

imprisonment limits his ability to litigate this matter, his lack of legal knowledge, his inability to interview witnesses, and that he would be better served with the assistance of counsel in preparing for trial.  Dkt. No. 28.

Plaintiff has already been advised that there is no constitutional right to counsel in a civil case unless an indigent litigant may lose his physical liberty if he loses the litigation. *See Lassiter v. Dep't of Social Services*, 452 U.S. 18, 25 (1981); *Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997) (no constitutional right to counsel in § 1983 action), *withdrawn in part on other grounds on reh'g en banc*, 154 F.3d 952 (9th Cir. 1998) (en banc).  The decision to request counsel to represent an indigent litigant under § 1915 is within "the sound discretion of the trial court and is granted only in exceptional circumstances." *Franklin v. Murphy*, 745 F.2d 1221, 1236 (9th Cir. 1984).  Here, Plaintiff's grounds for appointment of counsel do not distinguish him from other prisoner-plaintiffs to establish exceptional circumstances.  Furthermore, this matter has been referred to settlement proceedings such that trial preparation is premature.  Accordingly, the request is **DENIED** for lack of exceptional circumstances.  *See Agyeman v. Corrections Corp. of America*, 390 F.3d 1101, 1103 (9th Cir. 2004); *Rand,* 113 F.3d at 1525 (9th Cir. 1997); *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991); *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986).

This order terminates Docket No. 28.

**IT IS SO ORDERED.**

Dated:  __February 11, 2025_____

BETH LABSON FREEMAN
United States District Judge

Order Denying Motion for Recon Re Appt. of Counsel
PRO-SE\BLF\CR.24\02154Robinson_deny-recon(atty)

2